UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE MANUEL VAZQUEZ-
GONZALEZ,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

CAUSE NO. 3:26-CV-247-CCB-SJF

## OPINION AND ORDER

Immigration detainee Jose Manuel Vazquez-Gonzalez, representing himself,

filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in

violation of the laws or Constitution of the United States. ECF 1. On March 3, 2026, the

respondents filed a status report representing that Vazquez-Gonzalez had been

transferred from the Miami Correctional Facility to the Port Isabel Service Processing

Center in Los Fresnos, Texas, to be staged for removal to Mexico. ECF 8. On March 31,

2026, two orders mailed to Vazquez-Gonzalez at the Port Isabel Service Processing

Center were returned to the court as undeliverable. ECF 18, ECF 19. Consequently, the

court ordered the respondents to supplement their status report. ECF 20. On April 9,

2026, the respondent filed a status report representing that Vazquez-Gonzalez had been

removed to Mexico and was no longer in custody.

A district court may entertain a petition for writ of habeas corpus when the

petitioner "is in custody under or by color of the authority of the United States[.]" 28

U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Vazquez-Gonzalez met the "in custody" requirement when he filed the petition; however, it is evident from the record that he is no longer being detained, meaning there is no unlawful detention for this court to review.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). Here, the court can no longer grant Vazquez-Gonzalez the relief he seeks in the petition. The court cannot order his release, because he has already been released.

In the criminal context, a habeas petition will not be mooted by the petitioner's release if he continues to suffer collateral consequences from the conviction. *Spencer*, 523 U.S. at 7. Courts have applied this concept in the immigration setting, but the collateral consequence must be something that can "be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Kurtishi v. Cicchi*, 270 F. App'x 197, 199-200 (3d Cir. 2008). The only relief Vazquez-Gonzalez sought was his immediate release from custody on the basis that his removal would not occur within the reasonably foreseeable future. No collateral consequences remain that may be addressed in a habeas petition. *See Kurtishi*, 270 F. App'x at 200 (3d Cir. 2008) ("In view of [petitioner's] deportation, there are no remaining collateral consequences that

2

may be redressed by success on [petitioner's] challenge under § 2241 to his 'continued restraint by DHS-ICE'"); *Dehghani v. Castro*, No. 2:25-CV-0052 MIS-DLM, 2025 WL 1937605, at *3 (D.N.M. July 15, 2025) (dismissing habeas petition as moot where petitioner was deported, because "Section 2241 . . . empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties").

In sum, this court's habeas jurisdiction is limited to deciding whether an individual is in custody in violation of federal law. Vazquez-Gonzalez is no longer in custody. The petition must be dismissed.

Accordingly, the court **DISMISSES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on April 13, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3